## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**WAYNE BAKER, individually and**
**d/b/a BAKER FARMS, JOANNA BAKER,**
**BLACKWATER FARMS, INC., a New Mexico**
**corporation, and ABCO FARMING, INC.,**

        **Plaintiffs,**

**v.**                                              **CIV 03-874 LAM/KBM**

**BANK ONE, TEXAS, N.A.,**

        **Defendant.**

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss Complaint, or in the Alternative, to Refer Complaint to the United States Bankruptcy Court for the District of New Mexico (*Doc. 4*).  In accordance with 28 U.S.C. § 636(c)(1) and FED. R. CIV. P. 73(b), the parties have consented to having the undersigned United States Magistrate Judge conduct all proceedings and enter final judgment in this case. The Court has reviewed the motion, Plaintiffs' memorandum in response to the motion, Defendant's reply to Plaintiffs' response, and relevant authorities.  The Court **FINDS** that the motion should be **DENIED** for the reasons set forth below.

      Plaintiffs filed this lender liability action against Defendant Bank One Texas, N.A. (hereinafter referred to as "Bank One") on July 24, 2003.  In their complaint (*Doc. 1*), Plaintiffs assert state law claims for breach of contract, intentional misrepresentation, loss of prospective economic opportunity, violation of a contractual covenant of good faith and fair dealing, unfair or deceptive trade practices in violation of the New Mexico Unfair Practices Act[1], and *prima facie* tort. Plaintiffs'

---

[1]N.M. Stat. Ann. §§ 57-12-1 to 57-12-24 (Michie 2000 & Cum. Supp. 2003).

claims arise out of Bank One's banking relationship with Plaintiffs and Bank One's alleged failure to originate and service a federally-guaranteed Farm Service Agency loan for Plaintiffs in 2000.  From the complaint, it appears that Plaintiffs' claims arise exclusively from Bank One's alleged conduct prior to Plaintiffs' bankruptcy filings described below.  As remedies, Plaintiffs seek an award of compensatory damages, punitive and/or treble damages, attorneys' fees, pre-judgment interest, post-judgment interest and costs.  Plaintiffs allege, and Bank One's motion does not dispute, that the Court has subject matter jurisdiction of this case based on diversity of citizenship pursuant to 28 U.S.C. § 1332 and the national banking association citizenship provision of 28 U.S.C. § 1348.  Plaintiffs' have requested a jury trial by filing a jury demand (*Doc. 2*).

Bank One asserts that Plaintiffs' complaint must be dismissed under FED. R. CIV. P. 12(b)(6) because Plaintiffs' claims are barred by equitable estoppel and by applicable Texas statutes of limitations.  In the alternative, Bank One seeks to have this case referred to the Bankruptcy Court for this District as a proceeding arising in or related to Plaintiffs' previous bankruptcy cases.

This case was preceded by Plaintiffs' bankruptcy filings in the United States Bankruptcy Court for the District of New Mexico.  Plaintiffs filed voluntary petitions under Chapter 11 of the United States Bankruptcy Code in August of 2000, and their bankruptcy cases were consolidated for joint administration on September 25, 2000.[2]  Bank One was a secured creditor of each Plaintiff in the consolidated bankruptcy cases.[3]  The Bankruptcy Court confirmed Plaintiffs' amended and restated

---

[2]*See* Order Directing Joint Administration (*Doc. 64*), Case No. 11-00-14545 MR, United States Bankruptcy Court for the District of New Mexico.

[3]*See* Debtors' Amended and Restated Joint Chapter 11 Plan of Reorganization (*Doc. 269*) at 10-12, Case No. 11-00-14545 MR, United States Bankruptcy Court for the District of New Mexico.

joint Chapter 11 plan of reorganization, as amended further, on February 1, 2002,[4] and the bankruptcy cases were closed by final decree on August 4, 2003.[5] The Court takes judicial notice of the bankruptcy court proceedings under FED. R. EVID. 201. *See Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 416 n.3 (3d. Cir. 1988), *cert. denied*, 488 U.S. 967 (1988).

In support of its motion to dismiss, Bank One relies on FED. R. CIV. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, the Court must liberally construe the pleadings, accept as true all well-pleaded facts, and draw all reasonable inferences in the plaintiff's favor. *Swanson v. Bixler*, 750 F. 2d 810, 813 (10th Cir. 1984). The Court may dismiss the complaint if it appears beyond doubt that the plaintiff can prove no set of facts in support of the plaintiff's claim which would entitle the plaintiff to relief. *Conley v. Gibson*, 355 U. S. 41, 45-46 (1957).    In ruling on Bank One's motion, the Court has examined and relied on the record of Plaintiffs' bankruptcy cases. Both Plaintiffs and Bank One have brought this record to the Court's attention. The Court may take judicial notice of public documents filed in the bankruptcy cases without converting Bank One's motion to a motion for summary judgment. *See, e.g., Henson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir. 1994) (court may take judicial notice of public documents filed in earlier court proceeding without converting motion to dismiss to one for summary judgment).

---

[4]*See* Order Confirming Debtors' Amended and Restated Joint Chapter 11 Plan of Reorganization, as Amended Further (*Doc. 393*), Case No. 11-00-14545 MR, United States Bankruptcy Court for the District of New Mexico.

[5]*See* Final Decree (*Doc. 543*), Case No. 11-00-14545 MR, United States Bankruptcy Court for the District of New Mexico.

# I.  Equitable Estoppel

Bank One contends that Plaintiffs' claims are barred by equitable estoppel.  Bank One argues that the confirmation of Plaintiffs' joint plan of reorganization by the Bankruptcy Court operates to equitably estop Plaintiffs from asserting their state law claims against Bank One in this case because those claims could have been asserted in Plaintiffs' bankruptcy cases.

Equitable estoppel is an affirmative defense.  The Court may dismiss a complaint for failing to state a claim under FED. R. CIV. P. 12(b)(6) where the complaint or extrinsic materials properly before the Court contain an obvious affirmative defense or other bar to relief.  *See, e.g., Thompson v. Illinois Department of Professional Regulation*, 300 F.3d 750, 753-754 (7th Cir. 2002); *Garrett v. Commonwealth Mortgage Corp. of America, et al.*, 938 F.2d 591, 594 (5th Cir. 1991).

Equitable estoppel is founded on principles of fraud.  It allows one party to prevent another "from taking a legal position inconsistent with an earlier statement or action that places his adversary at a disadvantage." *Penny v. Giuffrida*, 897 F.2d 1543, 1545 (10th Cir. 1990).  The purpose of equitable estoppel is to preclude a party from "tak[ing] advantage of his own wrong." *Id.*  New Mexico law is in accord.[6]

In the bankruptcy context, equitable estoppel has been applied to preclude former Chapter 11 debtors from bringing lender liability claims against their creditors when those claims were not disclosed and reserved by the debtors in their bankruptcy cases.  *See, e.g., Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 417-418 (3d Cir. 1988), *cert. denied*, 488 U.S. 967 (1988) (former Chapter 11 debtor that failed to disclose possible breach of contract and misrepresentation

---

[6]*See Dell v. Heard*, 532 F.2d 1330, 1333 (10th Cir. 1976).  Neither Plaintiffs nor Bank One express an opinion as to which law should apply to determine if equitable estoppel bars Plaintiffs' claims.

claims against bank that was creditor in bankruptcy case was equitably estopped from later asserting those claims in a non-bankruptcy forum).  However, equitable estoppel has not been applied where a debtor's disclosure statement and plan of reorganization filed in the debtor's bankruptcy case revealed that the debtor contemplated filing post-confirmation claims against a creditor.  *See, e.g., In re Neptune World Wide Moving, Inc.*, 111 B.R. 457, 461  (Bankr. S.D.N.Y. 1990) (equitable estoppel will not apply where debtor's disclosure statement and plan of reorganization disclose possible post-confirmation recovery actions).

Based on a review of Plaintiffs' complaint and the record in Plaintiffs' consolidated bankruptcy cases, the Court finds equitable estoppel inapplicable to this case.  Plaintiffs' joint disclosure statement and joint plan of reorganization filed with the bankruptcy court clearly show that Plaintiffs disclosed their state law, lender liability claims against Bank One to the Bankruptcy Court and Plaintiffs' creditors and reserved those claims for future litigation.[7]  Moreover, the descriptions

---

[7]Plaintiffs' Submission of Proposed Disclosure Statement Regarding Joint Plan of Reorganization (*Doc. 270*) filed in the consolidated bankruptcy cases on May 31, 2001, discloses and reserves Plaintiffs' claims against Bank One at page 15 where it provides:

> G.  Causes of Action in Favor of the Estates.
>      . . . .
>      2.      Other Claims.  One or more of the Estates may assert causes of action against Bank One for lender liability, including (but not necessarily limited to, claims arising from Bank One's refusal to make an FhMA guaranteed loan in the year 2000) [*sic*].  The Debtors have consulted an attorney, Doug Perrin, about whether he would represent Debtors on such claim on a contingent fee basis.  Mr. Perrin is investigating the claims, and has not yet determined whether he will take the case.  Any such claims are unasserted.  No other claims are known to Debtors at this time.
>
>      3.      Reservation of Rights.    Under the Plan the Reorganized Debtors reserve all rights to pursue and [sic] any all

(continued...)

<sup>7</sup>(...continued)
> known or unknown claims against third parties, whether or not
> specifically disclosed in this Disclosure Statement or scheduled as an
> asset in the Debtors' schedules.  The feasibility of funding the Plan is
> not based on any recovery against any third parties.

Plaintiffs' [Proposed] First Addendum to Amended and Restated Joint Disclosure Statement (*Doc. 355*) filed in the consolidated bankruptcy cases on October 9, 2001, discloses and reserves Plaintiffs' claims against Bank One at page 2 where it provides:

> 4.      Claims Against Bank One.
>
> The Bakers, Blackwater and/or Abco claim that Bank One has liability
> to them on the ground that Bank One committed to make a loan to
> Debtors, to be guaranteed by the Farm Services Agency but that in the
> summer of 2000 Bank One wrongfully failed to make the loan. The
> claims arising from this alleged wrongful conduct are based on breach
> of contract and tort law.  The Bakers, Blackwater and Abco also
> reserve the right to assert that Bank One failed to negotiate a
> forbearance agreement in good faith.  The Debtors have located an
> attorney who has indicted [sic] he will assert these claims on a
> contingent fee basis (subject to any required approval of the
> bankruptcy court).  Bank One vigorously denies all such claims.

Plaintiffs' Amended and Restated Joint Chapter 11 Plan of Reorganization, as Amended Further (*Docs. 269 and 354*), that was confirmed by the bankruptcy court on February 1, 2002, discloses and reserves Plaintiffs' claims against Bank One on page 31 of (Docket No. *269* where it provides:

> 6.22   Estate's Claims Preserved.  Notwithstanding anything
> to the contrary in the Plan, the Debtors' and the Debtors in
> Possession's claims or causes of action that may exist, including each
> and every claim or cause of action that was asserted or could have
> been asserted by the Debtors against any party, in the Chapter 11 Case
> or otherwise, including causes of action maintainable under §[§] 542
> through 553 of the Bankruptcy Code, shall revest in the Debtors upon
> the Effective Date, and neither the (1) treatment of any party provided
> pursuant to any section of the Plan, (2) the entry of the Confirmation
> Order or the Confirmation of the Plan, nor (3) the occurrence of the
> Effective Date, nor (4) the vesting of assets of the Estate in the
> Debtors upon the Effective Date, shall be deemed to waive, discharge,

(continued...)

of Plaintiffs' claims against Bank One in the joint disclosure statement and joint plan of reorganization are consistent with the claims asserted against Bank One in Plaintiffs' complaint. Thus, it is apparent from the face of Plaintiffs' complaint and the extrinsic materials properly before the Court from the bankruptcy cases, that Plaintiffs have not taken a legal position in this case that is inconsistent with their position in the earlier bankruptcy cases. Accordingly, there is no inconsistent legal position or wrong on the part of Plaintiffs to justify application of equitable estoppel.[8]

In this case, where Plaintiffs are not asserting a position or taking an action that is inconsistent with a position previously taken by Plaintiffs in their bankruptcy cases, equitable estoppel is not a bar to Plaintiffs' claims. Therefore, Bank One's motion to dismiss Plaintiffs' claims based on equitable estoppel should be denied.

---

[7](...continued)
> release, bar or otherwise adversely affect any claim held by any of the Debtors against any person or entity, and the Debtors shall be entitled to prosecute and recover on any such claims subsequent to the Effective Date, to the same extent the Debtors would have been entitled to prosecute and recover on any such claim prior to the Confirmation of the Plan.
>
> 6.23   Claims Against Third Parties for Debts of the Debtor are Preserved. All claims and causes of action by the Debtors or the Estate of any type or nature against any Person are preserved and shall survive Confirmation, and shall vest in the Debtors, whether or not the claims or causes of action were scheduled as assets in Debtor's schedules or disclosed in the Disclosure Statement.

[8]The equitable estoppel cases cited by Bank One are distinguishable as each one involved equitable estoppel of a party that failed to disclose or reserve its claims in a prior bankruptcy case.

## II.  Statutes of Limitations

Bank One contends that Plaintiffs' claims are barred by two four-year statutes of limitations provided by Texas law.  In support of its argument, Bank One cites to the statutes of limitations[9] and argues, without evidentiary support, that a provision of Bank One's loan documents with Plaintiffs makes these statutes of limitations applicable to bar Plaintiffs' claims.

Statutes of limitations in diversity actions are generally determined by state law.  *See Cook v. G.D. Searle & Co., Inc.*, 759 F.2d 800, 802-803 (10th Cir. 1985).  However, the determination of which statute of limitation to apply in a case can be affected by a contractual choice of law provision agreed to by the parties. *See, e.g., Federal Deposit Ins. Corp. v. Peterson*, 770 F.2d 141, 142-143 (10th Cir. 1985).

The Court finds that it is premature to decide this issue at this time. The record before the Court is insufficient to determine when Plaintiffs' claims accrued and whether Plaintiffs' claims are barred by Texas statutes of limitations made applicable by choice of law provisions in Bank One's loan documents.  The parties have not presented sufficient information on this subject for the Court to make a determination and it is not appropriate for the Court to decide a motion under FED. R. CIV. P. 12(b)(6) when the factual record is incomplete.  *See Keys Jet Ski, Inc. v. Kays*, 893 F.2d 1225, 1230 (11th Cir. 1990).

Because the factual record is insufficient for the Court to determine if Plaintiffs' claims are barred by Texas statutes of limitations, Bank One's motion to dismiss Plaintiffs' claims on this ground

---

[9]The statutes of limitations cited by Bank One are Sections 16.004 and 16.051 of the Texas Civil Practice and Remedies Code.

should be denied, without prejudice, with leave to reassert this defense by motion when there has been further factual development in this case.

### III.  Referral to the Bankruptcy Court

In the event this Court denies Bank One's motion to dismiss, Bank One requests the referral of this case to the United States Bankruptcy Court for the District of New Mexico pursuant to Administrative Order Misc. No. 84-0324[10] and 28 U.S.C. §157(a).  Plaintiffs oppose referral on the ground that they have demanded a jury trial and, apparently, do not consent to a jury trial in the Bankruptcy Court pursuant to 28 U.S.C. § 157(e).  Bank One replies by arguing that Plaintiffs cite no authority for the proposition that bankruptcy courts are prohibited from conducting jury trials.

Bank One's argument for referral assumes that upon referral the Bankruptcy Court would have subject matter jurisdiction over this case under 28 U.S.C. § 1334(b) as a proceeding which arises in or relates to Plaintiffs' consolidated bankruptcy cases.  Bank One cites no authority for its position on jurisdiction.  In response, Plaintiffs argue that the Bankruptcy Court would not have subject matter jurisdiction over this case upon referral because this case is "completely independent" of Plaintiffs' bankruptcy cases.  Plaintiffs cite no authority for their position on the subject matter jurisdiction of the Bankruptcy Court.

---

[10]The District Court for this District has referred bankruptcy cases and proceedings to the Bankruptcy Court for this District to the full extent permitted by 28 U.S.C. §157(a).  *See Administrative Order Misc. No. 84-0324, filed on March 19, 1992* (hereinafter, "*Administrative Order Misc. No. 84-0324*").  The District Court has also designated the bankruptcy judges of this District to conduct jury trials with the consent of all the parties to the extent permitted by 28 U.S.C. § 157(e).  *See* Administrative Order Misc. No. 94-323, filed on December 1, 1994 (hereinafter, "Administrative Order Misc. No. 94-323").

### A.  Trial by Jury

The Court first addresses the jury trial issue.  Assuming Plaintiffs have the right to a jury trial in this case, the Bankruptcy Court may not conduct a jury trial without the consent of all the parties. *Compare In re Kaiser Steel Corp.*, 911  F. 2d 380, 392 (10th Cir. 1990) (holding that the Bankruptcy Code, as amended by the Bankruptcy Amendments and Federal Judgeships Act of 1984, Pub. L. No. 98-353, 98 Stat. 341, did not authorize bankruptcy judges to conduct jury trials) *with* 28 U.S.C. §157(e) (authorizing bankruptcy judges to conduct jury trials with the consent of all the parties if designated to exercise such jurisdiction by the district court); *see also,* Administrative Order Misc. No. 94-323 (authorizing bankruptcy judges in the District of New Mexico to conduct jury trials to the extent permitted by law).  Thus, without the parties' consent to have a bankruptcy judge conduct a jury trial, this case could only be referred to the bankruptcy court for pretrial matters such as discovery, pretrial conferences and motions.  *See, e.g., In re Kirk E. Douglas, Inc.*, 170 B.R. 169, 170 (D. Colo. 1994)  ("The bankruptcy court has authority, even when a jury trial has been demanded, to supervise discovery, conduct pretrial conferences, and rule on motions. (citations omitted)").  While this Court agrees that it may be more efficient to have the Bankruptcy Court and Bankruptcy Judge Mark McFeeley, who administered Plaintiffs' Chapter 11 cases, adjudicate this proceeding, this case will not qualify for reference to the Bankruptcy Court for a jury trial under Administrative Orders Misc. Nos. 84-0324 and 94-323 without the parties' consent pursuant to 28 U.S.C. § 157(e).

### B.  Subject Matter Jurisdiction of the Bankruptcy Court

With regard to subject matter jurisdiction, Bank One is correct that Administrative Order Misc. No. 84-0324 provides for the referral of bankruptcy cases and proceedings to the bankruptcy

court in this district "to the extent permitted by law".[11]  However, this administrative order does not create subject matter jurisdiction in the bankruptcy court for a referred case or proceeding which must exist independently under 28 U.S.C. §1334.

Post-confirmation bankruptcy jurisdiction is an area in which there is considerable disagreement.  The case law on the subject has been described by one commentator as being in "chaos."[12]  While the Court does not agree with Plaintiffs' contention that this case is completely independent of Plaintiffs' consolidated bankruptcy cases, Bank One has not demonstrated to the Court's satisfaction that the Bankruptcy Court would have subject matter jurisdiction over this case under 28 U.S.C. §1334 upon referral.

Plaintiffs' claims in this case are based entirely on state law and appear to be based exclusively on the alleged conduct of Bank One prior to Plaintiffs' bankruptcy filings.[13]  The provisions of Plaintiffs' joint disclosure statement and joint plan of reorganization cited above appear to contemplate that the claims in this case could be pursued independently by Plaintiffs outside the consolidated bankruptcy cases.  This case was filed after confirmation of Plaintiffs' joint plan of reorganization and after substantial consummation of the plan[14].  Plaintiffs' bankruptcy cases were

---

[11]Administrative Order Misc. No. 84-0324.

[12]William L. Norton, Jr., 4 Norton Bankruptcy Law & Practice 2nd § 95.6 (2003).

[13]*See* Plaintiffs' Complaint for Damages for Breach of Contract, Intentional Misrepresentation, Breach of Good Faith and Fair Dealing, Violation of the Unfair Practices Act and Prima Facie Tort (*Doc. 1*)

[14]See Order Confirming Debtors' Amended and Restated Joint Chapter 11 Plan of Reorganization, as Amended Further (*Doc. 393*), filed on February 2, 2002, in the United States Bankruptcy Court for the District of New Mexico, Case No. 11-00-14545 MR; Final Decree (*Doc. 543*), filed on August 4, 2003, in the United States Bankruptcy Court for the District of New Mexico, Case No. 11-00-14545 MR.

closed by final decree on August 4, 2003[15], and no party has sought to reopen the bankruptcy cases

pursuant to 11 U.S.C. § 350(b) .

Bankruptcy jurisdiction does not last forever.  As the court observed in *Walnut Associates*

*v. Saidel*, 164 B.R. 487, 492-493 (E.D. Pa. 1994):

> Although the confirmation of a Chapter 11 plan does not automatically terminate the
> jurisdiction of the bankruptcy court, the bankruptcy court's jurisdiction does not
> extend forever. . . .   "[A]fter confirmation of the plan, the bankruptcy court's
> jurisdiction weakens with the passing of two related events in the life of a bankruptcy
> case: (1) the consummation or administration of the plan; and (2) the entry of a final
> decree pursuant to Bankruptcy Rule 3022.

In *Walnut Associates,* where a Chapter 11 debtor brought state law claims after the debtor's

confirmed Chapter 11 plan of reorganization was substantially consummated and after the bankruptcy

case was closed, the court held that the bankruptcy court lacked subject matter jurisdiction to

entertain the debtor's state law claims.  *Id.* at 495.

Both of the events deemed significant in the *Walnut Associates* case have occurred in

Plaintiffs' consolidated bankruptcy cases.  Plaintiffs' joint plan of reorganization has been substantially

consummated and a final decree has been entered closing the bankruptcy cases.  Moreover, no effort

has been made to reopen the bankruptcy cases.

In this case, the Court finds that Bank One has not demonstrated that the Bankruptcy Court

would have subject matter jurisdiction over this case upon referral.  That, coupled with the fact that

the Bankruptcy Court may not conduct a jury trial in this case without the consent of all the parties,

causes the Court to conclude that Bank One's motion to refer this case to the Bankruptcy Court

should be denied.

---

[15]*See Final Decree* (*Doc. 543*), filed on August 4, 2003, in the United States Bankruptcy
Court for the District of New Mexico, Case No. 11-00-14545 MR.

**WHEREFORE, IT IS HEREBY ORDERED THAT:**

1.      Defendant's motion to dismiss the complaint on grounds of equitable estoppel is **DENIED**;

2.      Defendant's motion to dismiss the complaint on grounds of statutes of limitations is deemed premature and is **DENIED WITHOUT PREJUDICE** with leave to reassert this defense by motion when there has been further factual development in this case; and

3.      Defendant's motion, in the alternative, to refer this case to the United States Bankruptcy Court for the District of New Mexico is **DENIED**.

**IT IS SO ORDERED.**


_____
**LOURDES A. MARTÍNEZ
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent**

13